995 F.2d 12
 Lawrence C. LONGWAY, Individually and as Supervisor for the
Town of Pamelia; John C. Kiechle, Individually and as
Supervisor of the Town of Philadelphia; Town of
Philadelphia; James D. St. Croix, Individually and as
Supervisor of the 10th Ward of the City of Watertown; Bruce
Dempster, Individually and as Supervisor of the 11th Ward of
the City of Watertown; Ralph A. Green, Individually and as
Supervisor of the Town of Watertown; Fairman S. Sutton,
Individually and as Supervisor of the Town of Alexandria;
James E. Golden, Individually and as Supervisor of the Town
of Lyme; Neil F. Parks, Individually and as Supervisor of
the Town of Rutland, and Daniel T. Jenkins, Plaintiffs-Appellants,
v.
JEFFERSON COUNTY BOARD OF SUPERVISORS and Jefferson County,
New York, Defendants-Appellees.
 No. 1438, Docket 93-7005.
 United States Court of Appeals,
Second Circuit.
 June 3, 1993.
 
 Present: MESKILL, Chief Judge, WALKER, Circuit Judge, MOTLEY,* District Judge.
 This appeal from the United States District Court for the Northern District of New York, McAvoy, J., came on to be heard on the transcript of record from said district court and was argued by counsel.
 
 
 1
 To the extent that Judge McAvoy ruled that the questions presented to us are ripe for review, we AFFIRM. While Jefferson County has not yet adopted any particular apportionment plan, it is quite clear that whatever plan is ultimately adopted will be based on the broad population base that is the subject of this appeal. We believe, therefore, that there is an active case or controversy and that the questions presented to us are fit for judicial determination.
 
 
 2
 In all other respects we believe that resolution of the issues presented depends on the resolution of an unsettled question of New York state law. Therefore, on consideration of the briefs, appendix, record and the oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed with this Court by the parties.
 
 UNITED STATES COURT OF APPEALS
 FOR THE SECOND CIRCUIT
 
 
 LAWRENCE C. LONGWAY, Individually and as Supervisor for the
 Town of Pamelia; JOHN C. KIECHLE, Individually and as
 Supervisor of the Town of Philadelphia; TOWN OF
 PHILADELPHIA; JAMES D. ST. CROIX, Individually and as
 Supervisor of the 10th Ward of the City of Watertown; BRUCE
 DEMPSTER, Individually and as Supervisor of the 11th Ward of
 the City of Watertown; RALPH A. GREEN, Individually and as
 Supervisor of the Town of Watertown; FAIRMAN S. SUTTON,
 Individually and as Supervisor of the Town of Alexandria;
 JAMES E. GOLDEN, Individually and as Supervisor of the Town
 of Lyme; NEIL F. PARKS, Individually and as Supervisor of
 the Town of Rutland, and DANIEL T. JENKINS, Plaintiffs-Appellants,
 --v.--
 JEFFERSON COUNTY BOARD OF SUPERVISORS AND JEFFERSON COUNTY,
 NEW YORK, Defendants-Appellees.
 
 
 Docket No. 93-7005
 
 
 Certificate to the New York Court of Appeals pursuant to McKinney's Revised 1993 New York Rules of Court § 500.17(b) (certification of unsettled question of state law).
 This class action was brought pursuant to 42 U.S.C. § 1983 on behalf of certain individuals and Supervisors of Jefferson County, New York, to compel the County to adopt a constitutional reapportionment plan. While the appellants do not object in principle to the "adjusted weighted voting" plans proposed by the County, they complain that the population base used to calculate the appropriate voting power of each Supervisor is far too expansive. They contend that the County should not have relied on national census data because that data counts various transient groups, such as incarcerated felons, group home occupants and military personnel living on base facilities, as segments of the population of the town or ward in which these groups currently but temporarily live. Instead, appellants believe that the County is required, under both the federal Constitution and New York Municipal Home Rule Law, to conduct a reasonable investigation to determine who is a transient and to exclude those people from the population base.
 Additionally, appellants object to the "three-quarters" plan which would allocate voting power with respect to any measure requiring 75 percent of the vote for passage. Appellants argue that the plan is prima facie unconstitutional because the Supervisor from LeRay, who represents approximately 16 percent of the population of the County, would have an absolute veto over such measures, although he would need the concurrence of several other Supervisors to pass such a measure.
 In our view, the two constitutional matters raised may be rendered entirely moot once the state law issue has been resolved. Appellants contend that the New York state legislature, which defined "population" for these purposes as "residents, citizens, or registered voters," N.Y.Mun.Home Rule Law § 10(1)(ii)(a)(13)(c.) (McKinney 1993), intended "residents" to mean "domiciliaries" and thus to exclude transients. Appellants contrast the use of the term "residents" in this context to the phrase "inhabitants, excluding aliens," N.Y. Const. art. III, § 5-a, which is used in the context of apportionment at the state level. They conclude that this substantive distinction in language was contemplated and intended by the legislature. They also rely on Greenwald v. Board of Supervisors, 567 F.Supp. 200 (S.D.N.Y.), aff'd without opinion, 742 F.2d 1434 (2d Cir.1983), in which Judge Weinfeld, noting that the law governing the right to vote in New York equates "residence" with domicile, N.Y.Elec.Law § 1-104(22) (McKinney 1993), held that for purposes of local apportionment in New York, residence requires "both presence and an intent to remain." 567 F.Supp. at 208.
 The County counters that Greenwald is bad law and that the legislative history, which was not argued to Judge Weinfeld, amply supports the County's position that the state legislature intended to bestow upon local legislatures maximum flexibility in choosing a population base for apportionment purposes. It argues that the analogy to the Election Law is inapt because the right to vote and the right to be represented raise very different concerns and are based on very different policies.
 The question we certify to the New York Court of Appeals is as follows:
 Whether, for purposes of local legislative apportionment, "population," defined as "residents, citizens, or registered voters," N.Y.Mun.Home Rule Law § 10(1)(ii)(a)(13)(c.) (McKinney 1993), necessarily excludes transients, such as military personnel, incarcerated felons, and occupants of group homes.
 The parties have cited no precedent of the New York Court of Appeals that controls the disposition of this question, and we have found none. The question should be decided by the New York Court of Appeals for the following reasons:
 (1) it requires the interpretation of New York statutory law, most importantly N.Y.Mun.Home Rule Law § 10(1)(ii)(a)(13)(c.) (McKinney 1993), and may require an analysis of provisions of the New York Constitution and the New York Election Law. See, e.g., N.Y. Const. art. III, § 5-a; N.Y.Elec.Law § 1-104(22) (McKinney 1993);
 (2) it is ultimately an issue that affects local government within the state of New York, involving both the principles of representation that political subdivisions of New York must follow in their self-governance and the policies that animated the New York state legislature to adopt those principles;
 (3) the issue is likely to recur, and resolution would serve to guide the many political subdivisions in New York in devising apportionment plans for their legislatures and to reduce or eliminate the litigation delay in implementing those plans; and
 (4) determination of the issue by the New York Court of Appeals would "displace[ ]" the decision of the Southern District of New York in Greenwald, thereby either correcting or upholding the only guiding authority in this Circuit on the issue. See Railroad Comm'n v. Pullman Co., 312 U.S. 496, 500 [61 S.Ct. 643, 645, 85 L.Ed. 971] (1941).
 The question certified should be addressed "at this time," New York Rules of Court § 500.17(b), for these reasons and because the federal constitutional issues raised may be rendered moot by the resolution of the state law issue. Moreover, we have held that it is ripe for review.
 The foregoing is hereby certified to the Court of Appeals for the State of New York as ordered by the United States Court of Appeals for the Second Circuit.
 Dated at New York, New York, this 3rd day of June, 1993.
 by: ELAINE B. GOLDSMITH
 Elaine B. Goldsmith, Clerk,
 United States Court of Appeals
 for the Second Circuit
 by: CAROLYN CLARK CAMPBELL
 Carolyn Clark Campbell,
 Chief Deputy Clerk
 
 
 *
 Honorable Constance Baker Motley, United States District Judge for the Southern District of New York, sitting by designation